UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JULIAN WESLEY GENTRY,

    Defendant.
_____/

Case No. 12-20488

Hon. John Corbett O'Meara

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

Before the court is Defendant's motion to suppress, filed January 23, 2013. The government filed a response on February 8, 2013. The court held an evidentiary hearing on July 25, 2013, and Defendant filed a supplemental brief on July 30, 2013.

Defendant Julian Gentry has been charged with being a felon in possession of a firearm. On June 22, 2012, Detroit police officers Allen Ibrahimovic, Lavon Howell, and Roman Morrow were on patrol near the intersection of Gratiot and Whithorn, which is the location of the "Number One Car Wash" and is known as a high-crime area. That evening, the officers saw a crowd of people and several parked cars gathered in front of the car wash and blocking the sidewalk. Officers Ibrahimovic and Howell approached Defendant Gentry, who was sitting in the driver's seat of an illegally parked Dodge.

As they approached, the officers observed a cloud of smoke coming from the driver's side window and smelled burning marijuana. The officers ordered Gentry, who was shaking and appeared nervous, out of the vehicle. The officers searched for narcotics and found a handgun underneath the driver's seat. When the owner of the Dodge approached, the officers asked him

if he had a concealed weapons permit; Gentry interjected, "man, that's my gun."

At the hearing, Gentry testified that he was in the Dodge with the windows rolled up and that he was sleeping in the driver's seat. He denied that the windows were open or that he was smoking marijuana. Gentry also claimed, contrary to the officer's testimony, that the police vehicle's video camera was working and that there should be a video of the encounter. Gentry seeks to have the handgun suppressed because, he argues, there was no probable cause to search the vehicle.

Upon observing the demeanor of the witnesses at the evidentiary hearing, the court credits Officer Ibrahimovic and Officer Howell's testimony that they saw smoke and smelled marijuana coming from the Dodge. Defendant has not cast doubt on the credibility of this testimony. Under these circumstances, the officers had probable cause to search the vehicle. See United States v. Garza, 10 F.3d 1241, 1246 (6th Cir. 1993). Accordingly, the court finds no basis to suppress the handgun.

IT IS HEREBY ORDERED that Defendant's motion to suppress is DENIED.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: August 8, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 8, 2013, using the ECF system.

                                              s/William Barkholz
                                              Case Manager